IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Alfred Seabrook, ) | |
| ) | Civil Action No. 6:14-2475-TMC-KFM |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Carolyn W. Colvin, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

      This case is before the court for a report and recommendation pursuant to Local Civil Rule 73.02(B)(2)(a) (D.S.C.), concerning the disposition of Social Security cases in this District, and Title 28, United States Code, Section 636(b)(1)(B).[1]

      The plaintiff, who is proceeding with the assistance of counsel, brought this action pursuant to Sections 205(g) and 1631(c)(3) of the Social Security Act, as amended (42 U.S.C. 405(g) and 1383(c)(3)), to obtain judicial review of a final decision of the Commissioner of Social Security denying his claims for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act.

      On April 17, 2015, the Commissioner moved to dismiss the plaintiff's complaint for failure to commence his civil action within the statute of limitations provided for in Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). The plaintiff filed a response in opposition to that motion on May 4, 2015.[2]

---

[1] A report and recommendation is being filed in this case, in which one or both parties declined to consent to disposition by the magistrate judge.

[2] The plaintiff's counsel is reminded that future filings must have a minimum 12-point type. *See* http://www.scd.uscourts.gov/CMECF/preferences.asp

**FACTS PRESENTED**

The plaintiff filed an application for disability insurance benefits ("DIB) on January 26, 2011, and an application for supplemental security income ("SSI") on November 16, 2010, alleging that he became unable to work on November 1, 2009. The applications were denied initially and on reconsideration by the Social Security Administration. On July 26, 2011, the plaintiff requested a hearing. The administrative law judge ("ALJ"), before whom the plaintiff, who was represented by his current counsel, appeared on October 2, 2012, considered the case *de novo* and, on January 31, 2013, found that the plaintiff was not under a disability as defined in the Social Security Act, as amended. The ALJ's finding became the final decision of the Commissioner of Social Security when the Appeals Council denied the plaintiff's request for review on April 14, 2014.[3] On that same date, the Appeals Council sent by mail addressed to the plaintiff[4] notice of its action denying his request for review and of his right to commence a civil action within 60 days from the date of receipt (doc. 22-2, Kathie Hartt decl. ¶ 3(a) & ex. 2). The letter stated that the 60 days would "start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period" (*id.*, ex. 2). There is no indication in the Commissioner's evidence that a copy of the notice was sent to the plaintiff's counsel.

On April 19, 2014, the plaintiff's counsel wrote a letter to the Appeals Council requesting a status update on the appeal. The letter expressed concern regarding whether a decision was issued but not mailed to counsel (doc. 23-3, letter). The letter was sent via certified mail, return receipt requested. The return receipt indicates the Appeals Council received this letter on April 22, 2014 (doc. 23-4, return receipt card). The plaintiff's counsel states that the Appeals Council did not reply to the letter nor did the Appeals Council mail

---

[3] Current counsel also represented the plaintiff in the request for review before the Appeals Council (doc. 23-1, request for review).

[4] The notice was addressed as follows: Alfred Seabrook, c/o Faith Wiggins, 394 Seawright St., Orangeburg, SC 29115 (doc. 22-2, Hartt decl. ¶ 3(a) & ex. 2).

2

a copy of the Notice of Appeals Council Action to the plaintiff's counsel (doc. 23, resp. to m. to dismiss at 2).  The plaintiff's counsel further states that, on April 30, 2014, he contacted the plaintiff's sister, who helps the plaintiff with his mail and bills (*id.*).  The plaintiff's sister stated she had not seen anything from Social Security as of that date.  On May 19, 2014, the plaintiff's counsel spoke directly with the plaintiff, who stated that he had not seen or heard anything from Social Security as of that date (*id.*).  The plaintiff's counsel states that he filed the instant civil action immediately after receiving the Notice of Appeals Council Action in mid-June 2014 (*id.*).  This action for judicial review was filed on June 19, 2014 (doc. 1).

## APPLICABLE LAW AND ANALYSIS

The Commissioner argues that the plaintiff's complaint should be dismissed as it was filed one day late (doc. 22-1, m. to dismiss at 2).  It is well settled that "[t]he United States, as sovereign, 'is immune from suit save as it consents to be sued, . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (quoting *United States v. Testan*, 424 U.S. 392, 399 (1976)).  Judicial review of final decisions on claims arising under Title II or Title XVI of the Act is provided for and limited by section 205(g) of the Act, 42 U.S.C. § 405(g), which reads as follows in pertinent part:

> (g) Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow. . . .

42 U.S.C. § 405(g).  The 60-day limit in which to file a civil action is a statute of limitations and a waiver of sovereign immunity that must be strictly construed. *Bowen v. City of N.Y.*, 476 U.S. 467, 479 (1986).  The regulations state that a plaintiff "may file an action in a Federal district court within 60 days after the date you receive notice of the Appeals Council's action." 20 C.F.R. §§ 404.981, 416.1481.  The date of receipt is presumed to be

3

five days after the date on the notice, unless there is a "reasonable showing to the contrary." *See id.* §§ 404.901, 416.1401, 422.210(c).  The Social Security regulations further provide that the time limit for filing a civil action may be extended by the Appeals Council "upon a showing of good cause." *Id*. § 422.210(c).  The 60-day requirement is not jurisdictional and is subject to equitable tolling. *See Bowen,* 476 U.S. at 481; *Hyatt v. Heckler*, 807 F.2d 376, 380 (4th Cir.1986).  However, equitable tolling must be justified by exceptional circumstances. *Hyatt*, 807 F.2d at 378.

Here, the Notice of Appeals Council's Decision is dated April 14, 2014. Accordingly, the plaintiff is presumed to have received it five days later on April 19, 2014. The 60-day time limit to file civil suit began on that day and expired on June 18, 2014, unless the plaintiff can make a "reasonable showing" that he did not receive the notice.

The undersigned finds that the plaintiff has made a "reasonable showing" that he did not receive the notice by April 19, 2014.  In the alternative, the undersigned finds that equitable tolling of the statute of limitations is appropriate in this case.  As set forth above, the plaintiff's counsel sent the Appeals Council a certified letter on that date requesting the status of the plaintiff's case (doc. 23-3, letter to Appeals Council).  In that letter, the plaintiff's counsel stated that a review of his outstanding cases on appeal via the Social Security Administration's electronic records website did not show the plaintiff on his list, and he expressed concern as to why the case had been removed from his list of outstanding appeals.  The plaintiff's counsel also asked whether a decision had been reached in the case, and, if it had, whether the decision was mailed to counsel.  Counsel noted that, as the plaintiff's attorney, he should be mailed a copy of all correspondence pertaining to the plaintiff's case.  Counsel further noted that, to his knowledge, the plaintiff had not received any notice of decision either (*id.*).  Based upon the foregoing, the undersigned recommends that the Commissioner's motion to dismiss this action for being filed one day late be denied.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, the undersigned recommends that the Commissioner's motion to dismiss (doc. 22) be denied and the case be allowed to proceed on the merits.

s/ Kevin F. McDonald
United States Magistrate Judge

August 11, 2015
Greenville, South Carolina